# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5633 | **DATE** | 6/19/2001 |
| **CASE TITLE** | PETER COMANDA vs. DWIGHT WELCH, et al | | |

**MOTION:**

**DOCKET ENTRY:**

| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
|---|---|---|
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] The Court denies Defendants' Motion to Dismiss [docket no. 16-1]. The Court finds that the Amended Complaint properly alleges section 1983 claims against defendants in Counts I and II. Because defendants' motion to dismiss Counts III and IV (state law claims) is based on the assumption that Comanda fails to state a section 1983 claim against defendants, the Court denies the motion as to those counts. ENTER MEMORANDUM OPINION AND ORDER. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | JUN 22 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 20 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING; 01 JUN 21 PM 5:51 | | |
| CG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PETER COMANDA, )
)
    Plaintiff, )
)
v. ) 00 C 5633
)
DWIGHT WELCH, DEBRA WELCH, ) Judge Ronald Guzmán
MARY KUTA, and ARTHUR DANIEL )
KORTE, )
)
    Defendants. )

**DOCKETED**

JUN 2 2 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff, Peter Comanda ("Comanda") is a twenty-two year veteran of the City of Country Club Hills' police force. Defendants are Dwight Welch, the mayor of Country Club Hills ("Mayor Welch"), Debra Welch, the mayor's wife, and two city employees and political supporters of Mayor Welch, Mary Kuta and Arthur Daniel Korte. Comanda brings a 42 U.S.C. § 1983 claim ("section 1983") against Mayor Welch, and conspiracy to violate section 1983, defamation, and civil conspiracy claims against all four defendants. Defendants have moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons provided in this Memorandum Opinion and Order, the Court denies the motion.



# FACTS

The problems began during the most recent mayoral campaign in Country Club Hills, which ended in April 1999. (Am. Compl. ¶ 9.) Upset that Comanda had endorsed his opponent, Mayor Welch began to wage a "concerted campaign of retaliation" against him. (*Id.* ¶ 11.) Mayor Welch first had Comanda demoted from lieutenant to sergeant. (*Id.* ¶ 12.) He then initiated disciplinary hearings before the Police Board based upon trumped up charges in an attempt to have Comanda removed from the police force. (*Id.*) After Comanda was absolved of these charges in February 1999, he sued Mayor Welch and the City of Country Club Hills under section 1983 claiming that his rights to freedom of expression and freedom of political association, rights protected by the First Amendment, had been violated. *Comanda v. City of Country Club Hills*, No. 99 C 1708. (*Id.*) The lawsuit did not have the effect upon Mayor Welch that Comanda may have hoped.

A few months after this first lawsuit was initiated, Mayor Welch continued his campaign of retaliation upon Comanda. In August 1999, Mayor Welch attempted to resurrect the false and malicious charges that had been before the Police Board by re-circulating copies of those charges to alderman during city council deliberations. (*Id.* ¶ 13.) Then in September 1999, after Comanda was reappointed to the position of police lieutenant, Mayor Welch contacted the chief of police, Raymond Risley, and told Chief Risley that Comanda had been stalking his wife, Debra Welch. (*Id.* ¶ 14.) Mayor Welch directed Chief Risley to open a disciplinary hearing into this alleged stalking. (*Id.* ¶ 15.) Mayor Welch then repeated these accusations to city officials at a weekly meeting of the heads of city departments, announcing that charges would be filed against Comanda and

2

that Chief Risley would be conducting an investigation. (*Id.* ¶ 16.) During the course of Chief Risley's investigation he interviewed approximately twenty persons including Mary Kuta, Arthur Daniel Korte, and Debra Welch. (*Id.* ¶ 27.) Kuta and Korte's statements turned out to be totally unfounded, (*id.* ¶¶ 23, 26), and Ms. Welch failed her polygraph test (*id.* ¶ 25). After an extensive investigation, which lasted until December 1999, Chief Risley concluded that there was no evidence that Comanda had stalked or harassed Ms. Welch. (*Id.* ¶ 28.)

Comanda then filed a four-count complaint on September 13, 2000 and later an Amended Complaint on December 12, 2000. Count I is a section 1983 claim against Mayor Welch for violating his First Amendment rights of freedom of expression and political association. (*Id.* ¶ 33.) In Count II, Comanda brings a claim against Mayor Welch, Ms. Welch, Mary Kuta, and Arthur Daniel Korte for conspiracy to violate his First Amendment rights in violation of section 1983. (*Id.* ¶ 36.) Counts III and IV are state law claims against all four defendants for defamation and civil conspiracy respectively. (*Id.* ¶¶ 37-40.)

## DISCUSSION

In considering defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), all facts are taking solely from the Amended Complaint and all factual allegations are accepted as true. *Fontana v. Elrod*, 826 F.2d 729, 731 (7th Cir. 1987). A Rule 12(b)(6) motion should only be granted if the claimant has failed to allege any set of facts upon which relief can be granted. *Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir. 1995).

Defendants first argue that the claims should be dismissed because the allegations in the complaint were either raised or should have been raised in the prior action *Comanda v. County Club Hills*, 99 C 1708. (Defs.' Mot. Dismiss ¶ 4.) Evidently, defendants argue that *res judicata* and/or collateral estoppel act as a bar to Comanda's current claim.

### 1. *Res Judicata*

Under the doctrine of *res judicata*, if a final judgment is reached on the merits of an action, any future claims brought by or against the same parties or their privies based upon that same action is barred. *Montana v. United States*, 440 U.S. 147, 153 (1979). For the *res judicata* bar to attach there must have been: (1) a final judgment on the merits, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or privies in the two suits. *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1364 (7th Cir. 1988).

As to defendants Debra Welch, Mary Kuta, and Arthur Daniel Korte, the *res judicata* bar is not appropriate because neither they nor their privies were parties to the earlier action, so the third element in *Shaver* is lacking. Only Mayor Welch was a party in the prior suit, so the issue becomes whether *res judicata* bars the current suit against him.

While the prior suit, *Comanda v. City of Country Club Hills*, did reach a final verdict in favor of the Comanda, there is not an identity of the cause of action between the earlier and current suits for *res judicata* to bar his current claim. A "single cause of action" is defined as a core of operative facts that give rise to a remedy. *Car Carriers*

*Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986). Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or lost. *In Re Energy Coop., Inc.*, 814 F.2d 1226, 1230-31 (7th Cir. 1987) (quoting Restatement (Second) of Judgments § 24 (1982)). Thus, the issue becomes whether the prior case and the current case arise out of the same core of operative facts, or, in other words, whether the same transaction was the catalyst for these two cases.

In both lawsuits, Comanda brought section 1983 claims alleging that Mayor Welch violated his First Amendment rights of freedom of expression and freedom of political association when Mayor Welch, using the power of his office, sought to "punish" Comanda for backing Welch's opponent in the last mayoral election. The difference between the two section 1983 claims, however, is the set of facts upon which they are based. The prior suit arose out of Mayor Welch's attempt to have Comanda removed from the police force (Am. Compl. ¶ 12), events that began in September 1998 and ended in February 1999 when the Police Board exonerated Comanda of nearly all charges (*id.*).

The current claim arises out of events that occurred subsequent to those events. Specifically, Comanda alleges that in August 1999 the Mayor "attempted to resurrect the false and malicious charges" that were part of the Mayor's earlier attempt to have Comanda removed from the force. (*Id.* ¶ 13.) Then he alleges that in September 1999 the Mayor, along with his wife and two city employees, brought a groundless stalking charge against him attempting to deprive him of his constitutional rights in retaliation for his support of Mayor Welch's opponent. (*Id.* ¶ 17.) Comanda was not fully exonerated of this stalking charge until Chief Risley had finished his investigation in December

5

1999. (*Id.* ¶ 28.) While Comanda brought section 1983 claims against Mayor Welch in both the prior case and the present one, the claims arose out of different transactions and are based upon different sets of operative facts.[1] Thus, *res judicata* does not bar the current suit against Mayor Welch.

## 2. Collateral Estoppel

The doctrine of collateral estoppel could also bar this action brought by Comanda. Under this doctrine, "once an issue is actually and necessarily decided by a court, that determination is conclusive in a subsequent suit on a different cause of action." *Schellong v. U.S. Immigration & Naturalization Serv.*, 805 F.2d 655, 658 (7th Cir. 1986). Collateral estoppel will bar relitigation of an issue if four elements are met: (1) the party against whom collateral estoppel is asserted must have been fully represented in the prior litigation; (2) the issue sought to be precluded must be identical to an issue involved in the prior litigation; (3) the issue must have been actually litigated and decided on the merits in the prior litigation; and (4) the resolution of that issue must have been necessary to the court's judgment. *Gray v. Lacke*, 885 F.2d 399, 406 (7th Cir. 1989) (citing *Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir. 1987); *Cook County v. MidCon Corp.*, 773 F.2d 892, 898 (7th Cir. 1985)).

The question becomes whether any issues in the current case were identical to those in the prior suit, *Comanda v. City of Country Club Hills*, and whether those issues

---

[1] Comanda moved to amend his First Amended Complaint in the prior case on January 19, 2000, but was denied that opportunity by the court on March 9, 2000. Since Chief Risley's investigation did not end until December 1999 it is possible that Comanda was trying to amend his complaint to include the events that are part of this current complaint. He could have done so under Rule 15(d), but the fact that he did not do so or was not allowed to do so does not act as a bar to the current suit. *See LaSalle Nat'l Bank v. 222 East Chestnut Street Corp.*, 267 F.2d 247, 253 (7th Cir. 1959). "Illinois courts are reluctant to apply the doctrine of *res judicata* unless it is quite clear that the substantive issues in the litigation have been adjudicated." *LaSalle Nat'l Bank*, 267 F.2d at 252.

where actually litigated and decided on the merits in that prior suit. Comparing the complaint in the prior suit to the current complaint it is clear that collateral estoppel does not bar the current suit. The events that gave rise to the current suit by Comanda occurred after he initiated the prior suit. The allegations in the current complaint were never even pleaded in the prior complaint, so it is hard to see how any of the issues in this current case could have even been addressed in the prior case and decided on the merits. Thus, collateral estoppel does not bar Comanda's current suit.

### 3. State Action of Mayor Welch

Defendants next argue that Comanda has failed to allege adequately in Count I that Mayor Welch was acting under color of state law. (Defs.' Mot. Dismiss ¶ 5.) Defendants state that Comanda has simply offered the "conclusory allegation that Mayor Welch and others used Welch's official office to retaliate against" Comanda. (*Id.*) Furthermore, Defendants contend that Mayor Welch was simply acting as a private citizen when he initiated the investigation into the alleged stalking of his wife. (*Id.* ¶ 9.) Thus, according to the defendants Comanda has failed to state a cause of action under section 1983 because the state action requirement is lacking. (*Id.*)

For Comanda to establish liability in a section 1983 cause of action, he must allege that an official, namely Mayor Welch, acting under color of state law, caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1984). State employment is generally sufficient to render the official a state actor. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 935 n.18 (1981). The party charged with the deprivation must be a person who may fairly be said to be a state actor. *Id.* at 937. The

7

issue here is whether Comanda has alleged adequately in his Amended Complaint that Mayor Welch was acting under the color of state law when he allegedly deprived him of his constitutional rights.

The notice pleading system of the Federal Rules of Civil Procedure only requires a "short and plain statement of the claim" so as to apprise fairly an opponent of what he has done wrong. *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (citing FED. R. CIV. P. 8(a)). "The claimant need not set out in detail the facts upon which he bases his claim." *Id.* "A plaintiff does not have to plead evidence . . . . [A] complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (quoting *American Nurses v. Illinois*, 783 F.2d 716, 727 (7th Cir. 1986)).

Comanda alleges that Dwight Welch is the mayor of Country Club Hills (Am. Compl. ¶ 5), that he has "abused his powers of public office" (*id.* ¶¶ 11, 13), that he attempted to defame him at City meetings (*id.* ¶¶ 13, 16), and that he directed the Police Chief in Country Club Hills to open a disciplinary hearing (*id.* ¶ 15). Viewing Comanda's allegations in the light most favorable to him, he has sufficiently alleged that Mayor Welch was indeed acting under color of state law, and that is all that is needed to survive a Rule 12(b)(6) motion. *See Pickrel*, 45 F.3d at 1119. Defendants' arguments as to whether Mayor Welch's actions constituted state or private action are more appropriately raised on a Rule 56 summary judgment motion. Thus, Comanda has adequately alleged his section 1983 cause of action against Mayor Welch.

### 4. State Action of Mary Kuta and Arthur Daniel Korte

Finally, defendants argue that Comanda has failed to state a claim against Mary Kuta and Arthur Daniel Korte. (Defs.' Mot. Dismiss ¶ 11.) According to defendants, the mere fact that they are both city employees does not "transform their actions into state action" and that their statements made to the Police Chief during the course of his investigation were simply actions of private citizens. (*Id.*)

Comanda alleges that these city employees were actors in a conspiracy, headed by Mayor Welch, to defame him. (Am. Compl. ¶ 17.) He alleges that the statements they made to Chief Risley were in furtherance of that conspiracy. (*Id.* ¶¶ 22, 26.) "An otherwise private person acts 'under color of' state law when engaged in a conspiracy with state officials to deprive another of federal rights." *Tower v. Glover*, 467 U.S. 914, 920 (1984) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980)). Thus, even if the Court were to accept Kuta and Korte's contention that they are not state actors merely because of their employment with the City of Country Club Hills, because Comanda has alleged that they acted in concert with Mayor Welch, an alleged state actor, Kuta and Korte's conduct would qualify as state action. Therefore, Comanda has properly stated a claim against Kuta and Korte.

### CONCLUSION

For the foregoing reasons, the Court denies Defendants' Motion to Dismiss [docket no. 16-1]. The Court finds that the Amended Complaint properly alleges section 1983 claims against defendants in Counts I and II. Because defendants' motion to dismiss Counts III and IV (state law claims) is based on the assumption that Comanda

9

fails to state a section 1983 claim against defendants, the Court denies the motion as to those counts.

**SO ORDERED**

ENTERED: 6/19/07

_____
**HON. RONALD A. GUZMAN**
**United States Judge**